1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10
11
12
13
14
15
16

ENFISSION, INC., a Washington corporation,

Plaintiff,

v.

ERIC LEAVER and JANE DOE LEAVER, California residents, and the Marital Community comprised thereof,

Defendants.

CASE NO.  C05-0628RSM

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

17

## I.  INTRODUCTION

18      This matter comes before the Court on defendants' Motion to Dismiss.  (Dkt. #4).

19  Defendants argue that dismissal of this action is warranted by the *Colorado River* doctrine,

20  which recognizes that federal courts can refrain from exercising their jurisdiction in the interests

21  of judicial administration when parallel proceedings and exceptional circumstances exist.

22  Additionally, defendants contend that venue in federal court is improper pursuant to a non-

23  competition agreement under Federal Rules of Civil Procedure 12(b)(3).

24      Plaintiff answers that this federal action involves a completely different set of facts and

25  claims from those at issue in the pending state matter, and is therefore not a parallel proceeding.

26  In addition, plaintiff argues that no exceptional circumstances exist that would justify a dismissal

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
PAGE - 1

or stay.  Plaintiff also argues that defendants' improper venue argument is misguided.

For the reasons set forth below, the Court disagrees with plaintiff, and GRANTS defendants' motion for dismissal.

## II.  DISCUSSION.

### A. Background

Plaintiff Enfission, Inc. ("Enfission"), founded by defendant Eric Leaver ("Leaver") and Riley Livingston ("Livingston") in 2003, is a Washington corporation created for the purpose of developing and marketing a healthy alternative to energy and sports drinks.  (Dkt. #4 at 4). Upon formation, Leaver was named President and Chairman of the Board of Directors, and Livingston was named Chief Executive Officer, Secretary, and Treasurer.  (Dkt. #4 at 4).  A third individual, Brian Winn ("Winn") was added to the Board soon thereafter.  (Dkt. #4 at 5). Leaver is the single largest shareholder with a 35.5% stock interest in Enfission, while Livingston and Winn own 30.5% and 19.9%, respectively.  (Dkt. #4 at 5).

In May of 2004, defendant Leaver allegedly sold 4,000 shares of Enfission stock for a total sales price of $150,000 to an outside, unrelated third-party.  (Dkt. #1 at 2).  A rift subsequently developed between Leaver and the other two directors, resulting in Leaver's removal as president and director on February 14, 2005.  (Dkt. #7 at 2).  As a result, Leaver filed a shareholder derivative action in Snohomish County Superior Court on March 4, 2005 against Livingston, Winn, and Biogenesis Nutraceuticals, Inc. ("Biogenesis"), a Washington corporation in which Livingston is a 60% shareholder.  (Dkt. #4 at 1 and 5).

Defendants in the state action moved for dismissal pursuant to CR 12(b)(6) for failure to state a claim upon which relief can be granted on March 31, 2005.  (Dkt. #4 at 2).  The motion was denied.  (Dkt. #4 at 2).  Defendants in the state action also instituted the instant action on March 31, 2005, on behalf of Enfission, against Leaver and his wife.  (Dkt #1).  Plaintiff raises eight causes of action, including: (1) Injunctive Relief; (2) Declaratory Judgment; (3) Fraud and

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
PAGE - 2

Misrepresentation; (4) Conversion; (5) Set Aside Conflicting Interest Transaction; (6) Breach of Fiduciary Duties; (7) Interference with Business Expectancy; and (8) Tortious Interference. (Dkt. #1 at 5-10).  Defendants now seek to dismiss this case.

After defendants filed their motion to dismiss, plaintiff filed a motion for leave to amend its complaint, seeking to add a ninth cause of action to rescind the stock sale.  (Dkt. #6). Defendants did not respond to plaintiff's motion.

**B. The Colorado River Doctrine**

In general, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," even if an action concerning the same matter is pending in state court. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). However, under certain circumstances, a dismissal or stay of the federal action or claim may be warranted based on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Kerotst Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952).  This doctrine, known as the *Colorado River* doctrine, allows federal courts to abstain from exercising jurisdiction where "exceptional circumstances" exist.[1] *Colorado River*, 424 U.S. at 818.

*1. Parallel Proceedings*

Defendants argue that the *Colorado River* doctrine is applicable in the instant case because a parallel proceeding exists at the state court level.  Specifically, defendants contend that both the state and federal actions revolve around the general mismanagement of Enfission by its board members.  Plaintiff answers that the present action involves claims by Enfission

---

[1] The *Colorado River* doctrine is one of four methods a federal court can utilize to refrain from exercising jurisdiction under the doctrine of abstention.  Courts can also abstain: (1) when a criminal proceeding is pending, *Younger v. Harris*, 401 U.S. 37, 43-57 (1971); (2) to avoid interfering with attempts to establish coherent state policy and issues of peculiarly local concern, *Burford v. Sun Oil Co.*, 319 U.S. 315, 317-34 (1943); and (3) to avoid unnecessary resolution of a constitutional issue that might be mooted by state court construction of a state law.  *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 498 (1941).  These methods of abstention are not before the Court and will not be addressed.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
PAGE - 3

against Leaver individually, and does not include the actions of Livingston, Winn, or Biogenesis.

Consequently, before considering any "exceptional circumstances," it is first necessary for this Court to determine whether parallel proceedings exist. *See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983) (recognizing that application of the *Colorado River* doctrine "presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties"). Parallel proceedings exist when substantially similar parties are contemporaneously litigating substantially similar issues in both the federal and state courts. *See Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). Suits need not be identical to be parallel, and the mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel. *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700-701 (7th Cir. 1992); *see also Interstate Material Corp.v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988) (noting that the requirement is for parallel suits, not identical ones). Only the existence of a "substantial doubt" that the state proceedings will not resolve the federal action precludes application of this doctrine. *Intel Corp. v. Advanced Micro Devices*, 12 F.3d 908, 913 (9th Cir. 1993). Further, a district court may apply *Colorado River* only if it has "full confidence" that the parallel state proceeding will end the litigation. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988).

In the instant case, both actions involve "substantially similar issues" as *Nakash, supra*, mandates. For example, both actions arise from a February 14, 2005 meeting where Leaver was removed as President by majority vote of Enfission's Board of Directors. (Dkts. #1 at 3 and #4 at 6). Although plaintiff asserts in its response to defendants' motion to dismiss that Leaver's removal is not the basis of its complaint, plaintiff clearly points out that Leaver breached his fiduciary duties after his removal. (Dkts. #7 at 3 and #1 at 3). Specifically, plaintiff avows in its complaint:

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
PAGE - 4

15.   Since his removal as President of Enfission, the Defendant has improperly retained access [to] Enfission's website and emails by use of an unknown password over which he has not right or legal authority to use.

16.   In fact, Defendant has improperly refused to give appropriate access to, or authority or control over, Enfission's email, systems, and website to the company's officers and directors, denying Livingston and Winn the full use and control of Enfission's website and emails.

. . .

19.   The Defendant has been entering into contracts and commissions with third party vendors and customers of Enfission, without authority to bind Enfission.

20.   For example, without authorization or approval, and after being dismissed as an officer, Defendant purported to enter a contract on behalf of Enfission, promising to pay commissions to third parties to hand out products in March of 2005 in Southern California.

21.   Without authorization, Defendant also executed an agreement with a marketing firm, misrepresenting that he had secured significant capital funding for Enfission [resulting in] claims and liabilities in excess of $100,000.

22.   Defendant unilaterally and without authorization ordered new shipping boxes, graphic designs and literature for Enfission costing the company in excess of $15,000, and hurting the company's reputation.

23.   Defendant without authorization told manufacturers to discard in excess of $15,000 worth of material and to bill the company because the Defendant simply did not like that design.  Defendant failed to seek approval of this, even though new packaging would potentially harm the relationship with Enfission's largest customer.

(Dkt. #1 at 3-4).

The complaint contains other allegations that Leaver acted unilaterally and without authorization following his removal.  Moreover, the complaint is substantially similar to defendant Leaver's allegations as a plaintiff in the state court action which relate to efforts of Livingston and Winn to oppress and freeze out Leaver from the management and operation of Enfission.  (Dkt. #4 at 6).  As a result, it is evident that substantially similar issues and interests are being litigated in both the state and federal actions.

Although plaintiff argues that it lacks standing to raise its claims as counterclaims in the state action against defendants, this argument is misguided.  Generally, a counterclaim may not

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
PAGE - 5

1   be asserted in a shareholders' derivative action against the plaintiff shareholder as an individual,

2   since the shareholder brings the action in a representative capacity rather than an individual

3   capacity. *Tryforos v. Icarian Dev. Co.*, 49 F.R.D. 1, 3 (N.D. Ill. 1970); *Higgins v. Shenago*

4   *Pottery Co.*, 99 F. Supp. 522, 524 (W.D. Pa. 1951).  But this rule is qualified in actions

5   involving closely held corporations because in these cases the action effectively determines the

6   rights of individuals who have a personal interest in the recovery.  *See Burg v. Horn*, 37 F.R.D.

7   562 (E.D. N.Y. 1965) (recognizing that the general principal is hardly without exceptions).

8   Further, a shareholder in a closely held corporation is an "opposing party" for purposes of a

9   counterclaim.  *See Berger v. Reynolds Metals Co.*, 39 F.R.D. 313, 315 (E.D. Pa 1966) (holding

10  that a plaintiff bringing a stockholder's derivative suit is an opposing party where he is only one

11  of three major stockholders).  In the instant case, Enfission is a closely held corporation

12  comprised of three major stockholders.  Therefore, Livingston and Winn would not be

13  precluded from bringing a counterclaim in state court, and this Court has full confidence that all

14  the issues can be adjudicated in the state action.

15      Accordingly, the Court agrees with defendants that this federal action is a parallel

16  proceeding to the state action.

17      *2. Exceptional Circumstances*

18      This Court must next decide whether "exceptional circumstances" exist to warrant

19  abstention.  The Supreme Court has articulated four factors for consideration in *Colorado River*:

20  (1) whether a state or federal court has assumed jurisdiction over a *res*; (2) the inconvenience of

21  a federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which

22  jurisdiction was obtained.  424 U.S. at 818.  The Court later added two more considerations in

23  *Cone, supra*: (5) whether state or federal law controls the decision on the merits; and (6)

24  whether state law can adequately protect the rights of the parties.  460 U.S. at 24.  Another

25  factor mentioned, but not applied by the Court in *Cone*, was the vexatious or reactive nature of

26

the federal suit.  *Id.* at 17 n. 20.  Consequently, federal courts have also used that factor in their analysis for purposes of the *Colorado River* doctrine analysis.  *See, e.g., Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 947 F.2d 529, 534 (1st Cir. 1991) (holding that a district court did not abuse its discretion when considering the reactive nature of the federal claim); *see also Medema v. Medema Builders, Inc.*, 854 F.2d 210, 213 (7th Cir. 1988) (recognizing that the *Colorado River* doctrine is necessary to "ensure judicial economy and deter abusive 'reactive' litigation").  The Ninth Circuit has also added that another factor to consider is forum-shopping. *American Int'l Underwriters v. Continental Ins. Co.*, 843 F.2d 1253, 1259 (9th Cir. 1988); *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002).

No single factor in the "exceptional circumstances" test is dispositive, and no mechanical process is applied.  *Cone*, 460 U.S. at 16.  Rather, "a carefully considered judgement taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required."  *Colorado River*, 424 U.S. at 818-819.  Only the clearest of justifications will warrant dismissal.  *Id.* at 819.  The doctrine of abstention is ultimately an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it."  *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959).[2]

### a.  Jurisdiction over the res

The first factor to be considered under the *Colorado River* doctrine is which court first assumed jurisdiction over the property in dispute.  *American Int'l Underwriters*, 843 F.2d at 1257.  In the instant case, neither party analyzes this factor because no dispute over the *res* is

---

[2] Defendants' motion to dismiss seeks dismissal of the claim in its entirety, or alternatively, a stay of those actions in favor of the state court proceedings pursuant to the doctrine of abstention.  Although this distinction is important in terms of the relief provided by this Court, it does not alter the legal analysis.  *See Cone,* 460 U.S. at 28 (recognizing that "a stay is as much a refusal to exercise federal jurisdiction as a dismissal").  The legal standard in either case is whether this Court may decline to exercise jurisdiction in favor of a parallel state court action.  *Id.*

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
PAGE - 7

involved.  Therefore, this factor is not relevant to the Court's instant abstention analysis.

### b.  Inconvenience of the federal forum

In assessing the appropriateness of dismissal where concurrent jurisdiction exists, "a federal court may also consider such factors as inconvenience of the federal forum." *Colorado River*, 424 U.S. at 818.  Plaintiff argues that this factor weighs against abstention because it is more convenient for defendants to litigate in this Court than in Washington State Superior Court for Snohomish County because this Court is closer to "SeaTac Airport and Oakland, California, where Leaver resides."  (Dkt. #7 at 9).

However, this is not the kind of inconvenience courts envision when examining this factor.  *See, e.g., Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1368 (9th Cir. 1990) (finding this factor "unhelpful" where one party claimed abstention was proper because the federal court was 200 miles further away than the state court).  Furthermore, this factor is typically argued by the party seeking abstention by asserting that the federal forum is inconvenient, not by the party opposing abstention.  *See Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988) (holding that the question is not whether the party opposing abstention can demonstrate that the federal forum is a better or more convenient forum, but whether the inconvenience of the federal forum is so great that this factor points towards abstention).

Here, the short distance between this Court and Snohomish County Superior Court of approximately 28 miles is too minimal to weigh against abstention.

### c.  The desirability of avoiding piecemeal litigation

The avoidance of piecemeal litigation can be an important factor against concurrent federal proceedings.  *Colorado River*, 424 U.S. at 819; *see also Holland v. Hay*, 840 F.Supp. 1091, 1101 (E.D. Va. 1994) (recognizing that the Supreme Court has referred to the policy of avoiding piecemeal litigation as by far the most important *Colorado River* factor).  Piecemeal

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
PAGE - 8

litigation arises "when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *American Int'l Underwriters*, 843 F.2d at 1258.

In the instant case, allowing this action to proceed in this Court runs contrary to the purposes of the *Colorado River* doctrine. Judicial efficiency is promoted not only by allowing the state court to hear the same issues, but also by avoiding the possibility of inconsistent results. Plaintiff maintains that this factor does not weigh in favor of abstention because the state and federal cases are not substantially similar. However, as mentioned above, the same underlying issues permeate both state and federal proceedings. In a closely held corporation comprised of three board members, it would be inefficient for the courts and for the parties involved to litigate this case in two different forums.

### d. The order in which jurisdiction was obtained

The order in which jurisdiction was obtained favors the court that receives notice of a complaint first. However, this factor must be applied in a "pragmatic, flexible manner, so that priority is not measured exclusively in terms of which complaint was filed first, but rather in terms of how much progress has actually been made in the state and federal actions." *American Int'l Underwriters*, 843 F.2d at 1258. Therefore, the threshold question here is whether the state case has substantially progressed beyond initial proceedings. *See Travelers Indem. Co.*, 914 F.2d at 1370.

The instant action was instituted 27 days after the state action. Although defendants argue that the state action has proceeded far into the discovery stage, discovery has just begun and defendants have not yet replied to interrogatories propounded to him. (Dkt. #8 at 11). While the Court notes that Leaver's deposition has been conducted in the state proceeding, one deposition can hardly be the "substantial progress" envisioned by the courts when applying this factor. *See, e.g., Nakash*, 882 F.2d 1411 (recognizing that substantial progress had been made where a state court action had been pending for almost five years and over 100 depositions had

1   been conducted); *see also American Int'l Co.*, 843 F.2d at 1258 (holding that substantial

2   progress had been made where the state court judge had decided seven motions).  Nevertheless,

3   the state proceeding has progressed further than the federal proceeding.  Thus, this factor

4   weighs slightly in favor of abstention.

5                    e.  Whether state or federal law controls the decision on the merits

6           Where the claims submitted by a plaintiff are state law claims, the absence of significant

7   federal interests in the action supports abstention, but only in rare circumstances.  *See Cone*, 460

8   U.S. at 23 n. 29.  Such rare circumstances occur, for example, when a dispute involves

9   important issue of state policy.  *See Travelers*, 914 F.2d at 1370 (finding that routine issues of

10   state law such as misrepresentation, breach of fiduciary duty, and breach of contract are issues

11   that district courts are fully capable of deciding).

12          In the instant case, the claims brought by plaintiff are all governed by state law, but

13   involve "routine issues" such as breach of fiduciary duty, fraud and misrepresentation, and

14   tortious interference.  The claims do not involve the "rare circumstances" involving important

15   issues of state policy.  Therefore, this factor weighs against abstention.

16                    f.  Whether state law can adequately protect the interests of the parties

17          An additional factor to be considered is whether the state proceeding will protect the

18   rights of the parties involved.  *See Cone*, 460 U.S. at 26.  As noted previously, plaintiff's

19   interests can and should be adequately protected in the state proceeding given the substantial

20   similarity of the state proceeding to the federal one.  Thus, this factor also weighs in favor of

21   abstention.

22                    g.  Vexatious and reactive nature of the federal claim

23          The Supreme Court recognized that the "vexatious or reactive nature of either the

24   federal or the state litigation may influence the decision whether to defer to a parallel state

25   litigation under *Colorado River*."  *Cone*, 460 U.S. at 17.  Where courts find bad faith on the part

26

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
PAGE - 10

of plaintiff, a stay or dismissal may be warranted "as a means to deter vexatious use of the courts." *Holland*, 840 F. Supp. at 1101; *see also Baseline Sports, Inc.v. Third Base Sports*, 341 F. Supp.2d 605, 611-612 (E.D. Va. 2004) (holding that plaintiff brought its claim to district court for a "vexatious" purpose when the claim was a mirror image of the state court action).

In the instant case, Livingston and Winn brought this lawsuit on behalf of plaintiff Enfission on the very same day that it filed a motion to dismiss pursuant to Washington Civil Rule 12(b)(6). While the legal strategy of such a decision is not to be questioned by this Court, defendants have made the allegation that this was done for vexatious and reactive purposes to harass and retaliate against defendants. (Dkt. #4 at 17). Plaintiff has offered no response to this allegation, choosing to ignore this factor entirely in its response. Therefore, this factor weighs strongly in favor of abstention.

### h. Forum-shopping

In the *Colorado River* context, forum-shopping is improper when a party "seeks to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of federal court rules." *Travelers*, 914 F.2d at 1371. However, forum-shopping standing alone does not invoke a stay under *Colorado River*. *Federal Deposit Ins. Corp. v. Nichols*, 885 F.2d 633, 638 (9th Cir. 1989).

Here, defendants claim this factor weighs in favor of abstention but it has made no concrete showing that plaintiff has improperly engaged in forum-shopping in this case. Defendants cite no specific examples of how plaintiff is gaining a tactical advantage, or is avoiding an adverse ruling in this Court rather than in state court. Therefore, this factor does not weigh in favor of abstention.

When weighing all of these factors, it is evident that "exceptional circumstances" exist to warrant abstention under the *Colorado River* doctrine. Although some factors do not weigh in favor of abstention, the test is not to be "mechanically applied." *Cone*, 460 U.S. at 16.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
PAGE - 11

1    Furthermore, the underlying rationale of the *Colorado River* doctrine to promote "[w]ise judicial

2    administration, giving regard to conservation of judicial resources" is effectuated by declining

3    jurisdiction in the instant case. *Colorado River*, 424 U.S. at 817.  Both the state and federal

4    claims arise from the same underlying dispute after defendant Leaver was removed as President,

5    similar parties in a closely-corporation comprised of only three board-members are involved, and

6    substantially similar issues revolving around the general mismanagement of Enfission are being

7    litigated.  Coupled with the vexatious nature of the federal claim, the circumstances weigh

8    heavily in favor of abstention.

9        Additionally, this Court notes that plaintiff's argument that "it may be discovered that

10   Leaver is infringing or otherwise interfering with Enfission's copyright . . . which would give

11   rise to exclusive federal claims" is not persuasive.  (Dkt. #7 at 7).  The mere possibility that an

12   exclusive federal question may exist does not compel this court to grant jurisdiction.  State

13   courts have the same obligation to uphold and enforce federal law, and state courts may assume

14   subject matter jurisdiction over a federal cause of action absent a provision by Congress to the

15   contrary or a disabling incompatibility between the federal and state court adjudication.  *See*

16   *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477-478 (1981); *Tafflin v. Levitt*, 493

17   U.S. 455, 458-460 (1990); *Howlett v. Rose*, 496 U.S. 356, 367 (1990).

18       **C. Venue**

19       Because the Court has determined that dismissal is proper under the *Colorado River*

20   doctrine of abstention, it is not necessary to address the merits of whether dismissal is warranted

21   under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

22       **D.  Motion for Leave to Amend Complaint**

23       Because the Court has determined that dismissal is proper, plaintiff's motion to amend its

24   complaint is now moot.

25                          **III. CONCLUSION**

26

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
PAGE - 12

1       Having reviewed defendants' motion to dismiss (Dkt. #4), plaintiff's opposition (Dkt.

2   #7), and defendants' reply (Dkt. #8), the Court hereby GRANTS defendants' motion to dismiss.

3

4       DATED this _27__ day of June, 2005.

5

6                        /s/ Ricardo S. Martinez____
                        RICARDO S. MARTINEZ
7                        UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
PAGE - 13